## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

| | |
|---|---|
| **UBQS-IP LLC,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**DROPBOX, INC.,**<br><br>    **Defendant.** | **Civil Action No. 1:26-cv-02875**<br><br><br>**<u>JURY TRIAL DEMANDED</u>** |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, UBQS-IP, LLC, ("UBQS" or "Plaintiff"), files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 7,313,580 ("the '580 patent") (referred to as the "Patent-in-Suit") by Defendant, DropBox, Inc., ("DropBox" or "Defendant").

### I.      THE PARTIES

1. Plaintiff UBQS IP LLC is a Texas limited liability company having an address located at 5900 Balcones Dr., Suite 100, Austin, Texas 78731.

2. On information and belief, Defendant is a Delaware corporation with a principal office in San Francisco and a regular and established place of business at **50 West 23rd Street, New York, NY 10010**. On information and belief, Defendant sells and offers to sell products and services throughout New York, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in New York and this judicial district. Defendant can be served with process through their registered agent, Corporation Service Company, 80 State Street, Albany, New York, at its place of business, or anywhere else it may be found.

3. The defendant operated, manufactured, and sold products in the State of New York and throughout the United States. The defendant is, upon information and belief, licensed to do business and does business in the State of New York.

## II.    JURISDICTION AND VENUE

4. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5. This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New York and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New York and this District. Furthermore, Defendant resides in New York.

## III.    INFRINGEMENT OF THE '580 PATENT

7. On December 25, 2007, the '580 patent", (attached as Exhibit A) entitled "Systems and Methods for Sharing Information between a User Group and Associated Document" was duly and

legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '580 patent by assignment, reel/frame 073448/0258, recorded January 23, 2026.  The '580 patent expires on March 26, 2026 and therefore Plaintiff is not seeking indirect infringement claims after March 25, 2026.

8.   The '580 patent relates to novel and improved systems and methods for provide for sharing information between a user group and an associated document and, more particularly, provide for making use of a distributed information framework without the need for a project management server, offering a common document to all participants in the project

9.   Defendant maintained, operated, and administered a system with methods and user interface that allow collaborative editing for multiple people to concurrently edit a single page or blog post that infringes one or more of claims of the '580 patent, including one or more of claims 1-20, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '580 patent into service (i.e., used them) but for Defendant's actions, the claimed inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments to perform, and enabled Defendant's procurement of monetary and commercial benefit therefrom.

10. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change.

11. Defendant has caused Plaintiff damage by direct infringement of the claims of the '580 patent.

**IV.    CONDITIONS PRECEDENT**

12. Plaintiff has never sold a product. Upon information and belief, Plaintiff predecessor-in-interest has never sold a product. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met. Under the rule of reason analysis, Plaintiff has taken reasonable steps to ensure marking by any licensee producing a patented article.

13. Plaintiff and its predecessors-in-interest have entered settlement licenses with several defendant entities, but none of the settlement licenses were to produce a patented article, for or under the Plaintiff's patents. Duties of confidentiality prevent disclosure of settlement licenses and their terms in this pleading but discovery will show that Plaintiff and its predecessors-in-interest have substantially complied with Section 287(a). Furthermore, each of the defendant entities in the settlement licenses did not agree that they were infringing any of Plaintiff's patents, including the Patent-in-Suit, and thus were not entering into the settlement license to produce a patented article for Plaintiff or under its patents. Further, to the extent necessary, Plaintiff will limit its claims of infringement to method claims and thereby remove any requirement for marking.

14. To the extent Defendant identifies an alleged unmarked product produced for Plaintiff or under Plaintiff's patents, Plaintiff will develop evidence in discovery to either show that the alleged unmarked product does not practice the Patent-in-suit and that Plaintiff has substantially complied with the marking statute. Defendant has failed to identify any alleged patented article for which Section 287(a) would apply. Further, Defendant has failed to allege any defendant entity produce a patented article.

15. The policy of § 287 serves three related purposes: (1) helping to avoid innocent infringement; (2) encouraging patentees to give public notice that the article is patented; and (3) aiding the public to identify whether an article is patented. These policy considerations are

advanced when parties are allowed to freely settle cases without admitting infringement and thus do not require marking. All settlement licenses were to end litigation and thus the policies of §287 are not violated. Such a result is further warranted by 35 U.S.C. §286 which allows for the recovery of damages for six years prior to the filing of the complaint.

16. For each previous settlement license, Plaintiff understood that (1) the settlement license was the end of litigation between the defendant entity and Plaintiff and was not a license where the defendant entity was looking to sell a product under any of Plaintiff's patents; (2) the settlement license was entered into to terminate litigation and prevent future litigation between Plaintiff and defendant entity for patent infringement; (3) defendant entity did not believe it produced any product that could be considered a patentable article under 35 U.S.C. §287; and, (4) Plaintiff believes it has taken reasonable steps to ensure compliance with 35 U.S.C. §287 for each prior settlement license.

17. Each settlement license that was entered into between the defendant entity and Plaintiff was negotiated in the face of continued litigation and while Plaintiff believes there was infringement, no defendant entity agreed that it was infringing. Thus, each prior settlement license reflected a desire to end litigation and as such the policies of §287 are not violated.

18. For any prior settlement, the settling defendant was not licensed to make and sell infringing products in the future, thus the marking statute imposes no obligation on UBQS to make an effort to require a prior settling defendant to mark the products UBQS had accused of infringing its patents.

## V.    JURY DEMAND

19. Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendant has infringed the claims of the '580 patent;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action; and,

e.    provided discovery reveals that Defendant knew (1) knew of the patent-in-suit prior to the filing date of the lawsuit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent, declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284.

DATED: April 8, 2026                    Respectfully submitted,

*/s/ David J. Hoffman*
David J. Hoffman
6576 Milestrip Road
Orchard Park, New York 14127
(917) 701-3117 (telephone)
djhoffman@djhoffmanlaw.com

**Attorneys for UBQS -IP, LLC**